IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
February 18, 2021 Session

## ADAM MOATES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 113533   Steven Wayne Sword, Judge**

_____

### No. E2020-00565-CCA-R3-PC
_____

Petitioner, Adam Moates, appeals the post-conviction court's denial of post-conviction relief. After a thorough review of the record and applicable case law, we affirm the judgment of the post-conviction court.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Michael Flanagan, Nashville, Tennessee, for the appellant, Adam Moates.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Charme Allen, District Attorney General; and Larry Dillon and Phillip Morton, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

A Knox County jury convicted Petitioner of two counts of attempted first degree murder, three counts of attempted second degree murder, and five counts of employing a firearm during the commission of a dangerous felony. The trial court imposed an effective sentence of twenty-six years. This court affirmed the judgments on direct appeal. *State v. Adam Moates*, No. E2014-02405-CCA-R3-CD, 2016 WL 1045534 at *1 (Tenn. Crim. App. Mar. 16, 2016), *perm. app. denied* (Tenn. Aug. 18, 2016).

## Post-Conviction Relief Hearing

Petitioner filed a timely pro se Post-Conviction Relief Petition which was amended by appointed counsel. Petitioner argued that trial counsel was ineffective for failing to adequately investigate, present a settlement offer to Petitioner, object to violation of sequestration of witnesses, preserve Petitioner's right to a preliminary hearing, properly advise Petitioner, pursue a diminished capacity defense, properly prepare Petitioner for trial testimony, and provide discovery to Petitioner.

At the post-conviction hearing, Petitioner testified that his trial counsel was ineffective because trial counsel waived the preliminary hearing.[1] He claimed that even though trial counsel told him that waiving the preliminary hearing could result in a more favorable plea offer, he did not give trial counsel permission to waive the hearing. Petitioner further asserted that he did not fully understand the purpose of a preliminary hearing and that its advantages were not explained to him.

Petitioner testified that trial counsel failed to investigate or explore a potential diminished capacity defense despite trial counsel's awareness of Petitioner's prior psychiatric issues. Petitioner testified that he had been diagnosed with anxiety and depression and that he believed that trial counsel could have used these diagnoses in his defense. Petitioner believed that trial counsel did not pursue any potential defense with regard to his mental condition and that trial counsel did not schedule a mental evaluation for Petitioner during the course of his trial preparation. On cross-examination, Petitioner admitted that he had been self-medicating in excess of the medications prescribed to him for treatment of his diagnoses.

Petitioner stated that trial counsel advised him that, if he did not testify, his prior statement to police would not be admissible. Petitioner alleged that he had not been prepared to testify at trial, aside from a thirty-minute explanation from trial counsel of how the trial may proceed. Petitioner testified that he was not prepared for his own testimony. On cross-examination, Petitioner said that his testimony at trial was the same as the statements that he made to police following the incident.

Petitioner alleged that he believed that trial counsel had failed to file a motion to suppress his prior statements made to police because counsel believed his statement to police would benefit him at trial. Petitioner said that he was not provided with discovery in his case. Petitioner testified that his decision to reject the plea offer may have been different had he had access to the State's discovery materials in advance of trial. Petitioner

---

[1] Based on the post-conviction court's written order, trial counsel did not testify at the post-conviction hearing because he had moved out of state.

testified that he only saw trial counsel two or three times in preparation for trial. On cross-examination, Petitioner recalled that he also spoke with trial counsel briefly in person in advance of hearings at the courthouse.

Petitioner testified that the multiple victims in his case were allowed to remain in the courtroom throughout the course of trial, over trial counsel's objection. Post-conviction counsel argued that it was error for the witnesses not to have been sequestered during trial. The post-conviction court found that the victims had a constitutional right to be present during trial, and as a result they were allowed to remain in the courtroom throughout the course of the trial.

The post-conviction court denied the petition in a thorough and comprehensive written order making findings of fact and conclusions of law as to the issues raised by Petitioner. We will address those findings and conclusions in the analysis below. Petitioner now timely appeals.

## Analysis

On appeal, Petitioner claims that he received ineffective assistance of counsel. He claims trial counsel was deficient when counsel (1) erroneously advised Petitioner to waive the preliminary hearing, (2) failed to investigate or consider a potential defense of diminished capacity, (3) advised Petitioner that the State could not introduce Petitioner's statement to law enforcement as evidence if Petitioner did not testify, (4) failed to provide copies of discovery to Petitioner, and (5) failed to adequately prepare for trial. The State argues that Petitioner received effective assistance of counsel. We agree with the State.

### *Standard of Review*

In order to prevail on a petition for post-conviction relief, a petitioner must prove all factual allegations by clear and convincing evidence. *Jaco v. State*, 120 S.W.3d 828, 830 (Tenn. 2003). Post-conviction relief cases often present mixed questions of law and fact. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). Appellate courts are bound by the post-conviction court's factual findings unless the evidence preponderates against such findings. *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015). When reviewing the post-conviction court's factual findings, this court does not reweigh the evidence or substitute its own inferences for those drawn by the post-conviction court. *Id.*; *Fields*, 40 S.W.3d at 456 (citing *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the [post-conviction court]." *Fields*, 40 S.W.3d at 456 (citing *Henley*, 960 S.W.2d at 579); *see also Kendrick*, 454 S.W.3d at 457. The post-conviction court's conclusions of law and

application of the law to factual findings are reviewed de novo with no presumption of correctness. *Kendrick*, 454 S.W.3d at 457.

### *Ineffective Assistance of Counsel*

The right to effective assistance of counsel is safeguarded by the Constitutions of both the United States and the State of Tennessee. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. In order to receive post-conviction relief for ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance was deficient; and (2) that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (stating that the same standard for ineffective assistance of counsel applies in both federal and Tennessee cases). Both factors must be proven in order for the court to grant post-conviction relief. *Strickland*, 466 U.S. at 687; *Henley*, 960 S.W.2d at 580; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Accordingly, if we determine that either factor is not satisfied, there is no need to consider the other factor. *Finch v. State*, 226 S.W.3d 307, 316 (Tenn. 2007) (citing *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004)). Additionally, review of counsel's performance "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *see also Henley*, 960 S.W.2d at 579. We will not second-guess a reasonable trial strategy, and we will not grant relief based on a sound, yet ultimately unsuccessful, tactical decision. *Granderson v. State*, 197 S.W.3d 782, 790 (Tenn. Crim. App. 2006).

As to the first prong of the *Strickland* analysis, "counsel's performance is effective if the advice given or the services rendered are within the range of competence demanded of attorneys in criminal cases." *Henley*, 960 S.W.2d at 579 (citing *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)); *see also Goad*, 938 S.W.2d at 369. In order to prove that counsel was deficient, the petitioner must demonstrate "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688); *see also Baxter*, 523 S.W.2d at 936.

Even if counsel's performance is deficient, the deficiency must have resulted in prejudice to the defense. *Goad*, 938 S.W.2d at 370. Therefore, under the second prong of the *Strickland* analysis, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland*, 466 U.S. at 694) (internal quotation marks omitted).

*(1) Waiver of Preliminary Hearing*

Petitioner argues that trial counsel was ineffective for advising him to waive his preliminary hearing. Petitioner testified at the post-conviction hearing that trial counsel waived the preliminary hearing without his permission. However, the post-conviction court explicitly found that Petitioner's testimony in this regard was not credible. The post-conviction court further noted that Petitioner signed a waiver for the preliminary hearing and testified at the post-conviction hearing that he was under the impression waiving his preliminary hearing would improve his chances of getting a favorable plea offer. We will not reweigh the evidence or substitute our own inferences for those drawn by the post-conviction court. *Fields*, 40 S.W.3d at 456 (citing *Henley*, 960 S.W.2d at 579); *see also Kendrick*, 454 S.W.3d at 457. We conclude that the post-conviction court properly found that trial counsel was not deficient for advising Petitioner to waive a preliminary hearing. *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688); *see also Baxter*, 523 S.W.2d at 936.

*(2) Diminished Capacity Defense*

Petitioner argues that trial counsel was deficient for failing to raise a defense of diminished capacity. In its written order, the post-conviction court explained that Petitioner's statement to police and his trial testimony revealed that he understood the wrongfulness of his actions. At the post-conviction hearing, Petitioner testified about an anxiety condition with which he had been diagnosed prior to the offenses. Petitioner alleged that trial counsel did not obtain a psychological evaluation despite Petitioner's having made requests. The post-conviction court did not discredit Petitioner's claim of an anxiety disorder; however, the post-conviction court noted that Petitioner failed to present a witness to testify that a psychological evaluation would have supported a diminished capacity defense at trial. *Black v. State*, 794 S.W. 2d 752, 757 (Tenn. Crim. App. 1990). Therefore, even if trial counsel was deficient by failing to secure a mental health evaluation, Petitioner failed to establish prejudice. *Id.* at 758; *Goad*, 938 S.W.2d at 370.

*(3) Right to Testify*

Petitioner next claims that trial counsel incorrectly advised him about the admissibility of his statement to law enforcement. At the post-conviction hearing, Petitioner claimed that trial counsel advised him that his prior statements would only be admissible should Petitioner choose to testify. The post-conviction court found that Petitioner's claim to be entirely lacking in credibility and that trial counsel never offered this advice. We conclude that, based upon the post-conviction court's factual findings, trial counsel cannot be deemed deficient for incorrect advice that he did not give. *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688); *see also Baxter*, 523 S.W.2d at 936.

*(4) Failure to Provide Discovery*

Petitioner contends that he was not provided discovery by trial counsel in advance of trial. However, although Petitioner testified at the post-conviction hearing that he was not provided a copy of the State's discovery materials, he admitted that trial counsel reviewed discovery with him. The post-conviction court, prior to denying relief, noted that Petitioner put on no proof, aside from his own testimony, that he did not receive discovery, and it discredited Petitioner's claim. We will not reevaluate those findings. *Fields*, 40 S.W.3d at 456 (citing *Henley*, 960 S.W.2d at 579); *see also Kendrick*, 454 S.W.3d at 457. Petitioner did not prove by clear and convincing evidence that he was not provided discovery, and thus, Petitioner has not established that trial counsel was deficient. *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688); *see also Baxter*, 523 S.W.2d at 936.

*(5) Trial Preparation*

Petitioner argues that trial counsel inadequately prepared both himself and Petitioner for trial. At the post-conviction hearing, Petitioner alleged that he was not adequately prepared to testify at trial, but he offered no explanation as to how trial counsel's investigation was inadequate. The post-conviction court noted that Petitioner did not indicate how more preparation would have affected his testimony. Given this finding, and the lack of support for the general investigation claim, Petitioner failed to establish that trial counsel was deficient or that his investigation was inadequate. *Id.*

*Prejudice*

Petitioner's brief contains a general claim that trial counsel's actions prejudiced him. However, there is no specific indication as to how he was prejudiced. The post-conviction court noted that there was no evidence that any of the aforementioned complaints caused Petitioner any prejudice. Petitioner introduced no evidence suggesting a diminished capacity defense would have been successful. Petitioner introduced no evidence that having a preliminary hearing would have affected the outcome of his case. Petitioner offered no evidence that the incorrect advice regarding suppression of his statement to police affected the trial, given that he testified at trial to the same substance. Petitioner offered no evidence to suggest that his review of discovery would have changed his approach to his defense. Finally, Petitioner offered no evidence that further preparation for his testimony would have changed its content. Thus, Petitioner did not establish prejudice as a result of trial counsel's actions. *Goad*, 938 S.W.2d at 370.

**Conclusion**

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE